# EXHIBIT L

**GROOM LAW GROUP**

Lars C. Golumbic
(202) 861-6615
lgolumbic@groom.com

**CONFIDENTIAL – NOT SUBJECT TO FOIA**

September 3, 2021

**By E-mail**

Richard Buchanan (buchanan.richard@dol.gov)
Patrick Dalin (dalin.patrick@dol.gov)
U.S. Department of Labor
Office of the Regional Solicitor
1835 Market St., Mailstop SOL/22
Philadelphia, PA 19103

Re:   **Stout Risius Ross, LLC, EBSA Case No. 99-000044**

Dear Buck and Patrick:

We write on behalf of Stout Risius Ross, LLC ("Stout") to (1) produce documents in further response to Requests 1 and 2 of the April 14, 2021, subpoena ("Subpoena") and pursuant to Judge Baylson's order issued on August 20, 2021, Dkt. 13 ("Order"), and (2) to respond to Mr. Dalin's September 1, 2021, email regarding the "sampling" of documents.

**Document production**

Stout is producing two sets of documents responsive to Requests 1 and 2, which you can download using the link contained in the email transmitting this letter.

The first set, Bates labeled STOUT_DOL_0012380 – STOUT_DOL_ 0015401, contains fairness opinions and their associated valuations that Stout issued between January 1 and December 31, 2020, in connection with an ESOP purchase or sale transaction for a plan sponsor whose enterprise value exceeded $20 million.

Though the Court has not ordered it to do so, Stout is also producing a second set of documents containing the "sampling" that Judge Baylson suggested Stout produce. This set, Bates labeled STOUT_DOL_0015402 – STOUT_DOL_0015507, consists of valuations and associated opinion letters that Stout issued between January 1, 2018, and December 31, 2020, in connection with Employer Securities Transactions (as defined by the Subpoena) in which Stout did not also issue a fairness opinion. In compiling the sample, Stout aimed to produce one sample related to an ESOP and another sample related to a non-ESOP ERISA-covered plan. Stout selected the ████████████████████ engagement as the ESOP-related matter because it is the most recent ESOP valuation Stout issued without a fairness opinion in connection with a transaction between 2018 and 2020 that Mr. El-Tahch personally worked on and can recall without having to review Stout's historical client files. Stout selected the ████████████████████████████ engagement

GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., N.W. • Washington, D.C. 20006-5811
202-857-0620 • Fax: 202-659-4503 • www.groom.com

**GROOM LAW GROUP**

Richard Buchanan
September 3, 2021
Page 2

as the non-ESOP matter because it is the only non-ESOP ERISA-covered plan valuation Stout issued without a fairness opinion in connection with a transaction between 2018 and 2020 that Mr. El-Tahch can recall without having to review Stout's historical client files.

Between today's production and Stout's August 13, 2021, production, Stout has produced 15,507 pages from 258 files, including 178 valuation reports (79 issued in connection with purchase and sale transactions, 99 issued in connection with annual updates), in response to Requests 1 and 2.

**The Department's September 1 email**

Mr. Dalin's September 1 email indicated that, to collect documents for the "sampling" that Judge Baylson suggested, Stout should "email all of SRR's Managing Directors to ask them whether they are aware of any other valuations that they have issued in connection with non-ESOP transactions that may be responsive to Requests 1 and 2, and produce any valuations that they may identify." Mr. Dalin made clear that the Department was *not* offering a compromise offer to settle the dispute over the remainder of responsive documents. Rather, the Department was "reserv[ing its] right to request full compliance with Requests 1 and 2 in the future."

Frankly, we are confused by the Department's email. Stout had offered to conduct exactly this kind of search on July 23 as a compromise that would allow it to satisfy its obligations under Requests 1 and 2. (*See* Dkt. 4-9). The Department did not respond to Stout's offer—or, more accurately, the Department responded by forwarding copies of the lawsuit it filed a few days later. (*See* Dkt. 4-10).

The Department now seeks a concession in exchange for nothing. The Department wants to impose on Stout to undertake a search, yet the Department reserves all rights to demand that Stout produce every scrap of paper. Simply put, the Department's instruction to Stout on how to collect a sample is tantamount to a non-offer that is in complete discord with the Court's "meet and confer culture," as Judge Baylson put it. Were Stout to do as Mr. Dalin suggests, the Department could—and, we expect, would—continue to demand that Stout produce all documents regardless of burden.

Stout simply is not interested in engaging with demands masquerading as a compromise. Nor is it interested in prolonging the time period to which it is subjected to piecemeal judicial enforcement of the Subpoena. Stout needs a resolution. Judge Baylson has made clear that he intends to oversee an orderly process that will ultimately resolve the parties' disagreement over

**GROOM LAW GROUP**

Richard Buchanan
September 3, 2021
Page 3

the scope of the entire Subpoena. Absent a true compromise offer from the Department—one that *resolves* a disagreement—Stout is content to see Judge Baylson's process through.[1]

    Mr. Dalin's email also asked Stout to confirm certain aspects of its sampling production. Stout explained these issues in detail in its briefing. To the extent the Department would like further clarification, we can provide it during our meet and confer on or shortly after October 4, 2021, as ordered by the Court. Please let us know what times you have available.

Sincerely,

Lars C. Golumbic

cc (via e-mail):   Siamack Gharanfoli (gharanfoli.siamack@dol.gov)

---

[1] In the interest of preserving Stout's rights under the Freedom of Information Act ("FOIA"), we emphasize that the information both in this letter and in any productions Stout may make in response to the Subpoena is confidential trade secret, business, commercial, and financial information exempt from disclosure under FOIA. 5 U.S.C. § 552. Disclosure of this information would cause substantial economic harm to Stout. We therefore request that the Department treat as confidential this letter and all documents produced by or on behalf of Stout in connection with the Subpoena.