# EXHIBIT M

**Salek-Raham, Andrew (ASalek-Raham@groom.com)**

| | |
|---|---|
| **From:** | Salek-Raham, Andrew (ASalek-Raham@groom.com) |
| **Sent:** | Tuesday, October 12, 2021 5:11 PM |
| **To:** | 'Dalin, Patrick - SOL'; Buchanan, Richard - SOL; Gharanfoli, Siamack - EBSA |
| **Cc:** | Golumbic, Lars (lgolumbic@groom.com) |
| **Subject:** | Walsh v. Stout Risius Ross - meet and confer |
| **FilingDate:** | 10/12/2021 5:11:00 PM |

Buck, Patrick, Siamack – I'm writing to follow up on today's meet and confer.

During our prior call on September 30, you conveyed the Department's position that (i) Stout's document productions to date are insufficient for the Department's needs, (ii) Stout should produce all valuation reports issued in 2021, and (iii) Stout should sit for one or more depositions concerning the burden of producing the small number of valuation reports not issued with fairness opinions that Stout does not centrally track (subject to negotiations over the scope of the depositions).

Today, we explained Stout's disagreement with the Department's conclusions and proposals. *First*, the Department has received 178 valuation reports from Stout, which is more than enough to "determine how [Stout] conducts valuations"—the purpose of the investigation as articulated by the Department. You did not offer an explanation for why the Department believes Stout's productions to date have been deficient or why additional documents will further the Department's investigatory goals.

*Second*, in light of the fact that these documents are of little-to-no marginal utility to the Department vis-a-vis the 178 valuation reports already provided to the Department, the burden to Stout of collecting, reviewing, and producing 2021 valuation reports outweighs the Department's interest. Stout therefore is not required to, and will not, produce these materials.

*Third*, Stout does not agree to sit for one or more Rule 30(b)(6) style depositions. As an initial matter, Stout has at all times engaged in discussions with the Department in good faith to explain its burden in detail, and was willing to continue to do so at the time the Department filed its enforcement action. If the Department wanted to probe Stout's burden further, the time for that was before filing. Doing so now via formal depositions is a step backwards in the process. What is more, the Department has already represented that it does not believe that the burden Stout has described is unreasonable. Deposition testimony confirming that burden won't change the Department's position. Therefore, the proposed depositions will only serve to further increase Stout's burden.

Based on the parties' disagreement, we agreed to submit separate status updates on Friday.