UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Martin J. Walsh<br>Secretary of Labor<br>United States Department of Labor,<br><br>     Petitioner,<br><br>  v.<br><br>Stout Risius Ross, LLC<br><br>     Respondent. | No. 2-21-mc-00055-MMB |

### STOUT'S RESPONSE TO THE DEPARTMENT'S STATUS REPORT[1]

Stout submits this brief statement in response to two points in the Department's Status Report, (Dkt. 15).

*First*, the Department's Status Report is tantamount to an about-face regarding the purpose of its investigation. When Stout asked the Department in May 2021 to describe the investigation's purpose so that Stout could evaluate the reasonableness of the Department's requests, the Department stated the purpose was to "determine how [Stout] conducts valuations":

> Imposing any of these limitations on the subpoena will impede EBSA's statutorily-authorized investigation and defeat the purpose of the investigation. ***That purpose, as a general matter, is to determine how SRR conducts valuations in connection with transactions where an ERISA-covered plan purchases or sells the equity interest of the business sponsoring the plan, and what factors it considers and applies in so doing.***

(5/25/21 DOL Letter, Dkt. 4-5 at ECF 3 (emphasis added)). Throughout Stout's correspondence with the Department, (*see* Dkt. 4-6 at ECF 3), and in Stout's filings with this Court, (*see* Dkt. 4 at ECF 6; Dkt. 5-1 at ECF 3), Stout repeatedly quoted the purpose the Department articulated

---

[1] Capitalized terms used here have the meaning ascribed to them in Stout's Status Report, (Dkt. 14).

1

above. Yet the Department sings a different tune to the Court. Its Status Report describes the investigation's purpose as follows:

> Stout takes the position that the valuations that it has produced to date are sufficient for the Secretary to determine how it conducts valuations. This, however, self-servingly misrepresents the purpose of the Secretary's investigation. The Secretary wants to evaluate how Stout conducted each valuation in the time period. ***The Secretary does not seek to learn how Stout does valuations as a general matter. Only learning how Stout conducts valuations at a general level would not satisfy the Secretary's duties under ERISA***

(Dkt. 15, ¶ 12 (emphasis added)). This reversal is crucial. The Department's requests for information must bear a logical nexus to a legitimate purpose. (*See* Stout Status Report, Dkt. 14, at 6). The Department should not be permitted to move the goalposts in hopes of divining a purpose that would satisfy this Court.

*Second*, the Department identifies certain "electronic search tools and document review platforms" that it believes Stout could use to collect and review the small remainder of files it continues to demand. (Dkt. 15, ¶¶ 13-16). This is the first time since the Subpoena issued that the Department has ever suggested any method or tool that would "significantly reduce the search burden that Stout describes." (*Id.* ¶ 14). Moreover, not once during the meet and confer process outlined in the Court's prior Order did the Department raise the issue of electronic search tools and document review platforms with Stout. (*See generally* Dkt. 4-2 through 4-10, and 14-2 through 14-5 (exhibiting the parties' correspondence)). The Department's tack exemplifies the "shoot first, ask questions later" nature of its approach to its investigation, and its indifference to the process set out by this Court's Order to meet and confer over the scope and burden of the Subpoena requests on Stout.

That the Department is articulating positions to the Court found nowhere in the parties' meet and confer process underscores Stout's need for judicial intervention in this matter.

Dated: October 18, 2021            **GROOM LAW GROUP, CHTD.**

                                               */s/ Lars C. Golumbic*
                                               Lars C. Golumbic (*pro hac vice*)
                                               William J. Delany (PA 74864)
                                               Andrew D. Salek-Raham (*pro hac vice*)
                                               1701 Pennsylvania Ave., NW, Suite 1200
                                               Washington, D.C. 20006
                                               lgolumbic@groom.com
                                               wdelany@groom.com
                                               asalek-raham@groom.com
                                               T: 202-857-0620
                                               F: 202-659-4503

                                               *Counsel for Stout Risius Ross, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of October 2021, the foregoing STOUT'S RESPONSE TO THE DEPARTMENT'S STATUS REPORT was served on all counsel of record via the court's electronic filing system.

                                               Respectfully submitted,

                                               */s/ Lars C. Golumbic*
                                               Lars C. Golumbic