## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>STOUT RISIUS ROSS, LLC,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  MISC. ACTION NO. 21-mc-55<br>)<br>)<br>)<br>)<br>)<br>) |

## SECRETARY OF LABOR'S REPLY TO RESPONDENT'S RESPONSE
## TO THE DEPARTMENT'S STATUS REPORT

The Secretary of Labor submits this Reply to correct Stout's numerous mischaracterizations in its Status Report (ECF 14) and Response to the Department's Status Report (ECF 16).

First, the Secretary's subpoena is not a "three-tiered subpoena," as Stout asserts.  (ECF 14, p. 1.)  It is a self-contained, single subpoena.  As Stout well knows, the Secretary agreed to accept as an initial production the valuations responsive to subpoena requests 1 and 2, without waiving his right to demand that Stout produce documents in response to the subpoena's other requests.  (ECF 1, pp. 3-5 & fn. 4.)  The Secretary's agreement did not and does not convert the subpoena to a "three-tiered" demand for documents.

Second, the Secretary is not "now" making two new demands, as Stout contends.  (ECF 14, p. 5.)  The Secretary has maintained, and continues to maintain, his position that he is entitled to full production of documents responsive to subpoena Requests 1 and 2, and that there is no

undue burden associated with Stout producing valuations issued without a fairness opinion.  In accordance with the Court's Order that the parties meet and confer (ECF 13, ¶ 5), the Secretary asked Stout if it would agree to allow depositions concerning its allegations of undue burden as to valuations issued without a fairness opinion, and production of 2021 valuations issued with fairness opinions (the production of which Stout has <u>not</u> argued is unduly burdensome), as a possible avenue towards resolving this dispute.  Stout declined the offer.  Before the Court, the Secretary, consistent with his prior position, therefore seeks production of all valuations responsive to Requests 1 and 2.

Third, Stout's presumptuous and self-serving declaration that the Secretary has all the information he needs to meet the needs of his investigation (ECF 14, pp. 3-5) is simply wrong. Stout's argument is premised on its mistaken claim that the Secretary has "reversed" the stated purpose of his investigation.  (ECF 16.)  In correspondence with Stout's counsel well before the filing of the Petition, the Secretary's counsel characterized the investigation's purpose, "as a general matter," as "determin[ing] how SRR conducts valuations in connection with transactions where an ERISA-covered plan purchases or sells the equity interest of the business sponsoring the plan, and what factors it considers and applies in so doing."  (5/25/21 ltr to Golumbic, ECF 4-5.)  This stated purpose is perfectly consistent with the Secretary's desire, described in his October 15, 2021 Status Report (ECF 15, p. 5), to "to evaluate how Stout conducted <u>each</u> valuation in the time period."  This is not a "reversal" of the Secretary's position.  Rather, the Secretary has been consistent on this point throughout these proceedings.  For example, the Secretary's August 16 Reply brief stated that the purpose of the investigation is to determine whether "each plan [for which Stout provided a valuation] complied with ERISA."  (ECF 10 at

3.)  Stout's attempt to undercut the relevance of the documents identified in subpoena Requests 1 and 2 to the Secretary's investigation is without merit.

Fourth, Stout's argument concerning the electronic search tools and document review platforms that the Secretary identified in his Status Report creates a strawman out of an irrelevant issue.  (ECF 16.)  There is no requirement in the law of the Third Circuit for the government to explain to the subpoena's recipient how to conduct a search of its own records. Such a rule would invite feigned obtuseness from subpoena recipients, and place an insurmountable burden on the government to direct the recipient's search for every subpoena it issues.  The Secretary did not attach the declaration of Conrad Jacoby to its Status Report in order to instruct Stout on how to conduct its document search.  Rather, Stout has the burden of establishing its claim of undue burden, and it attached the declaration of Aziz El-Tahch as its proof for that claim.  With the parties at impasse after their meet-and-confer, the Secretary provided Mr. Jacoby's declaration to prove that the burdens claimed in Mr. El-Tahch's declaration are illusory.  Contrary to the burdensome process set forth in Mr. El-Tahch's declaration, there are many more efficient and cost effective methods for Stout to search its files, including the examples set forth in Mr. Jacoby's declaration.  Mr. Jacoby's declaration is relevant evidence from a person with expertise in the field that proves that Stout is not put to an undue burden by responding in full to subpoena Requests 1 and 2.

Finally, the Court should deny Stout's renewed Motion to Modify.  (ECF 14, p. 9.)  There is no "dispute" about Requests 3 through 15 of the subpoena, and Stout's request that those requests "be stricken" is premature.[1]

October 21, 2021                                    Respectfully submitted,

Mailing Address:                                   **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                            Seema Nanda
Office of the Regional Solicitor                    Solicitor of Labor
1835 Market Street
Mailstop SOL/22                                     Oscar L. Hampton III
Philadelphia, PA 19103-2968                         Regional Solicitor

(215) 861-5165 (voice)                             Richard T. Buchanan
(215) 861-5162 (fax)                               Deputy Regional Solicitor

Dalin.Patrick@dol.gov

                                                   */s/ Patrick M. Dalin*
                                                   Patrick M. Dalin
                                                   Senior Trial Attorney
                                                   PA 307701
                                                   NY 5333851

                                                   Attorneys for Petitioner
                                                   U.S. Department of Labor

---

[1] Stout fails to explain how, given the parties' impasse on the remaining documents sought in Requests 1 and 2, its insistence that the Court rule on its Motion to Modify filed in August is not a "do-over" while the Secretary's continued demand for production of the remaining documents somehow is just that.  (ECF 14, p. 9.)

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on October 21, 2021, I electronically filed the SECRETARY OF LABOR'S

REPLY TO RESPONDENT'S RESPONSE TO THE DEPARTMENT'S STATUS REPORT

 with the Clerk of Court by using the CM/ECF system, which will provide notice and an

electronic link to this document to the attorneys of record in this case.


<u>*s/Patrick M. Dalin*</u>
Patrick M. Dalin
United States Department of Labor